UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TRACY RAINER,

          Plaintiff,

   v.

                                 Case No. 20-cv-1633-pp

DANIELLE LUCKSTED,

          Defendant.

**ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 15) AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (DKT. NO. 16)**

Plaintiff Tracy Ranier is proceeding on a claim that defendant Danielle Lucksted was deliberately indifferent to his serious medical need at Waupun Correctional Institution. Dkt. No. 8. On April 12, 2021, the plaintiff filed a motion for extension of time to respond to Wisconsin Department of Justice's notice that it would not accept service on Lucksted's behalf (Dkt. No. 13). Dkt No. 15. The plaintiff stated in the motion that he was in segregation at the time he received the notice and did not have access to legal books or property. Id. The court will deny that motion because there is no need for the plaintiff to respond to the DOJ notice. After the DOJ refused to accept service, the Clerk of Court for the Eastern District of Wisconsin transmitted a notice, waiver, complaint and screening order to United States Marshals Service; the Marshals Service will effect service on Danielle Lucksted. Dkt. No. 14. The plaintiff does

1

not need to do anything nor does he have anything that he needs to "respond" to.

That same day, on April 12, 2021, the plaintiff court received from the plaintiff a motion to appoint counsel. Dkt. No. 16. In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Authority, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the

lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

In particular, the lawyers' responses may have bearing on the court's decision to exercise its discretion because they may shed light on whether the plaintiff's attempts to hire counsel were reasonable. Pickett, 930 F.3d at 871. In deciding whether to recruit counsel, the court should consider the reasons the lawyer declined representation, including whether the plaintiff was unwilling (as opposed to unable) to pay a retainer; whether the lawyer lacked time or capacity to take on new clients; or whether the subject matter of the case requires a lawyer who specializes in a specific area of law. Id. The court should also consider how well the plaintiff articulated his case to the prospective lawyer. Id. Where a plaintiff "conveyed his situation well and counsel deemed the claim feeble, then it would be inappropriate for a court to intervene" and recruit counsel. Id. But, where a plaintiff is inarticulate, then a court "may have a useful role to play in recruiting counsel." Id.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 2021 WL 456002 at *8. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This

3

includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The plaintiff has not satisfied either prong of the standard. He has not attached evidence showing that he made reasonable attempts to recruit counsel on his own. Nor has he explained why this case is too complex for him to handle on his own. He says that he cannot afford counsel, that being incarcerated limits his ability to litigate due to the COVID-19 pandemic and that he has limited access the law library and no knowledge of the law. Dkt. No. 16. These circumstances are true for almost all plaintiffs who are incarcerated, which is why the Seventh Circuit has stated that "deciding whether to recruit counsel 'is a difficult decision."

Right now, there is nothing for a lawyer to do. The Marshals Service will serve the complaint on the defendant. The defendant then will have an opportunity to answer or otherwise respond to the complaint. The court will deny the plaintiff's motion to appoint counsel without prejudice. That means that if later on in the case, he can demonstrate that he tried unsuccessfully to

find a lawyer on his own, and if he can demonstrate why the case has become too difficult for him to handle on his own, he may renew his motion to appoint counsel.

The court **DENIES AS UNNECESSARY** the plaintiff's motion for extension of time. Dkt. No. 15.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for appointment of counsel. Dkt. No. 16.

Dated in Milwaukee, Wisconsin this 29th day of April, 2021.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**