UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TRACEY RAINER,

    Plaintiff,

  v.                                            Case No. 20-cv-1633-pp

DANIELLE LUCKSTED,

    Defendant.

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S SECOND AND THIRD MOTIONS FOR APPOINTMENT OF COUNSEL (DKT. NOS. 25, 53), DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 41) AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO REPLY TO MOTION TO COMPEL (DKT. NO. 44)**

Plaintiff Tracey Ranier is proceeding with a claim that defendant Danielle Lucksted was deliberately indifferent toward a substantial risk of serious harm when she gave him seventy-three acetaminophen tablets to keep with him in his cell without reviewing his medical chart, which outlined a history of prior overdoses. Dkt. No. 8 at 6-7. On April 29, 2021, the court denied the plaintiff's first motion to appoint counsel because he did not attach evidence showing that he had made reasonable attempts to recruit counsel on his own and he did not explain why this case was too complex for him to handle on his own. Dkt. No. 17 at 4-5. The court explained that the plaintiff's inability to afford counsel, his incarceration, the COVID-19 pandemic/limited access to the law library and his lack of knowledge of the law were circumstances that were true

1

for almost all plaintiffs who are incarcerated, and those reasons were not enough to recruit counsel for him. Id.

On September 3, 2021, the plaintiff filed his second motion to appoint counsel. Dkt. No. 25. He states that he "wrote 3 attorneys" but that he "has not heard from any of them." Id. at ¶4. He also reiterates the arguments from his prior motion to appoint counsel and adds that (1) Covid-19 has prevented him from "investigating the facts" of the case because he cannot "identify, locate, and interview the inmates who were present and housed nearby;" and (2) his claim "involves a medical issue that will probably require expert testimony." Dkt. No. 26 at 1-2.

On May 9, 2022, the court received from the plaintiff a third motion to appoint counsel. Dkt. No. 53. This motion stated that the plaintiff was unable to afford counsel, that his imprisonment would limit his ability to litigate, that the case involved complex issues and would require extensive research, that the plaintiff had limited access to the law library and limited knowledge of the law and that he had a "low" reading level and had been getting help from jailhouse litigators. Id. The plaintiff asked the court to appoint Jeff Olson to represent him. Id.

As the court explained in its prior order, "there is no right to court-appointed counsel in federal civil litigation, but an indigent civil litigant may ask the district court to request an attorney to represent the litigant *pro bono*." McCaa v. Hamilton, 893 F.3d 1027, 1030 (7th Cir. 2018). That requires that a plaintiff first make a "good faith effort" to hire counsel on his own and *attach*

2

*evidence* showing that he satisfied this requirement. Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). This is a "mandatory, threshold inquiry" that a plaintiff must satisfy before the court moves to the second inquiry. Id. Only after the plaintiff satisfies the first inquiry does the court analyze "the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-91. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491.

The plaintiff has not satisfied either prong. First, the court cannot determine whether the plaintiff actually mailed out letters to local attorneys in an attempt to recruit them. He states that he "wrote 3 attorneys" but he did not attach the actual letters he allegedly drafted and sent; he stated that he "has not heard from any of them" but did not attach disbursement receipts showing that the letters were mailed out. The court emphasises the importance of satisfying the first prong under Pruitt because it is a *mandatory* threshold

3

requirement under Seventh Circuit law. In this district, several local attorneys recently have agreed to take cases on a contingency basis after being contacted by incarcerated plaintiffs.

The plaintiff also fails to satisfy the second <u>Pruitt</u> prong. The plaintiff's arguments regarding the "complexity" of his case are not persuasive. The case involves a factual dispute about how the defendant acted in response to a warning that the plaintiff could not possess medication in his cell due to a history of overdosing. Contrary to the plaintiff's assertion, he does not need statements from other inmates who were "present and housed nearby" to survive summary judgment. The plaintiff can introduce his own observations about what happened that day using an affidavit or an unsworn declaration under 28 U.S.C. §1746. The plaintiff also does not need the testimony of an "expert" at this early stage of the case. An ordinary layperson would understand that giving an inmate who is prone to suicide too much medication to keep in this cell may cause him to overdose. There are no complex issues of "causation" or "injury" that an expert must explain to a jury.

The plaintiff's allegations that he cannot afford a lawyer, that his imprisonment will impact his ability to litigate, that he has limited access to a law library, that he has limited knowledge of the law and that he has a low reading level are all to common. Most incarcerated persons struggle with these same challenges. There are not enough attorneys for the court to appoint one for every inmate who has these challenges. This is not enough to warrant appointment of counsel at this stage of the case.

4

The court will therefore deny without prejudice the plaintiff's motion to appoint counsel. If the plaintiff's case survives summary judgment, he may renew his motion to appoint counsel for trial.

On April 1, 2022, the court received from the plaintiff a motion to compel discovery, dkt. no. 41, along with a motion for extension of time to file a reply to the motion to compel discovery, dkt. no. 44. Civil Local Rule 37 (E.D. Wis.) states that

> [a]ll motions to compel disclosure or discovery pursuant to Fed. R. Civ. P. 26 through 37 must be accompanied by a written certification by the movant that, after the movant in good faith has conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action, the parties are unable to reach an accord. The statement must recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences.

The plaintiff has not provided the written certification required by Civil L. R. 37. He states that he made "reasonable inquiries" about his discovery requests with "health care providers" at the institution, see Dkt. No. 41 at 1, but the plaintiff must direct his inquiries about discovery to *opposing counsel* (not the defendant). The court will deny without prejudice the motion to compel and the motion for extension of time to file a reply to the motion to compel.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's second motion for appointment of counsel. Dkt. No. 25.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's third motion to appoint counsel. Dkt. No. 53.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to compel discovery. Dkt. No. 41.

5

Case 2:20-cv-01633-PP   Filed 05/19/22   Page 5 of 6   Document 56

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for extension of time. Dkt. No. 44.

The court **REMINDS** the plaintiff that his opposition materials to the defendants motion for summary judgment must be sent in time for the court to receive them by the end of the day on **June 23, 2022**.

Dated in Milwaukee, Wisconsin this 19th day of May, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
