UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TRACEY RAINER,

    Plaintiff,

v.

    Case No. 20-cv-1633-pp

DANIELLE LUCKSTED,

    Defendant.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 45) AND DISMISSING CASE**

Plaintiff Tracey Ranier, who is representing himself, is proceeding on a claim that defendant Danielle Lucksted was deliberately indifferent to his substantial risk of serious harm when she gave him seventy-three acetaminophen tablets to keep with him in his cell without reviewing his medical chart, which outlined a history of prior overdoses. Dkt. No. 8 at 6-7.

On April 21, 2022, the defendant filed a motion for summary judgment. Dkt. No. 45. The following day—April 22, 2022—the court issued an order reminding the plaintiff that under Civil Local Rule 56(b)(2) (E.D. Wis.) his response materials were due on May 23, 2022. Dkt. No. 50. The court also warned the plaintiff that if it did not receive his written response in opposition to the summary judgment motion by that date, the court could treat the motion as unopposed, accept all the facts asserted by the defendant as undisputed and decide the motion based only on the defendants' arguments, without any

1

input from the plaintiff. Id. at 2. The court emphasized that this would mean that it likely would grant the defendant's motion and dismiss the case. Id.

On May 10, 2022, the court received from the plaintiff a motion for an extension of time by which to respond. He advised the court that he was an inexperienced, first-time litigator who "scramble[d] for assistance from any inmate who is willing to help him free of charge." Dkt. No. 54. The court granted the motion, extending the response deadline to June 23, 2022. Dkt. No. 55.

The June 23, 2022 deadline has passed and the court has not received any opposition materials from the plaintiff. The court has checked; the plaintiff is still at Waupun Correctional Institution, which is where the court mailed its May 11, 2022 order extending his deadline to respond. The court will, as it indicated it could do, decide the motion without input from the plaintiff, solely on the defendant's brief and supporting materials.

The plaintiff signed the complaint under penalty of perjury. Dkt. No. 1 at 5. The pertinent part of the complaint states:

> 1) Plaintiff [] is a state prisoner who has a history of suicide attempts.
>
> 2) As a result of [the plaintiff's] history of suicide attempts, both the prison health service unit and psyche service unit has employed a care plan that mandates both officer controlled medications and non-control-type medication (i.e., acetaminophen, Tylenol, over-the-counter items) must be monitored and despensed by either nursing staff or correctional (staff).
>
> 3) On 10-12- , 2018, RN Jane Doe was received in the South Cell Hall to despense non-control medications to prisoners assigned in that cell hall.
>
> 4) RN Jane Doe issued [the plaintiff] 73 acetaminophen tablets.

2

> 5) RN Jane Doe chose not to educate herself with [the plaintiff's] medical file which "Red-flags" issuing on-control medications to [the plaintiff] due to [the plaintiff's] perpetuated mental health condition which includes but is not limited to suicidal ideations and suicide attempts with pills.
>
> * * * *
>
> 7) RN Jane Doe's deliberate indifference to providing and maintaining a safe environment, [the plaintiff] ingested 30-to-70, 325 mg Tylenol on or about October 12, 2018.
>
> 8) Plaintiff [] was subsequently taken to Waupun Memorial Hospital for overdose due to acetaminophen toxin.

Id. at 2-3.

Although conceding that it was a "close call," the court allowed the plaintiff to proceed on a claim that the defendant was deliberately indifferent to his serious medical need because she "chose" not to review his medical file, which he alleged would have shown that he had a history of suicide attempts and that there was a care plan providing that only nursing staff or correctional officers could dispense his medication. Dkt. No. 8 at 6-7.

The defendant's summary judgment brief indicates that the "undisputed medical record reflects that [the defendant] provided [the plaintiff] with Tylenol on only one occasion and only in the limited quantity prescribed, 2 325 mg tablets." Dkt. No. 46 at 1. She says that the plaintiff received that prescription "twice a day and, by physician order, he was allowed to keep that medication and self-administer it 'as needed.'" Id. And she asserts that she would dispense only what was provided to her by the pharmacy. Id. The defendant attached the Medication Administration Record, which shows that on October 12, 2018—the

3

day the plaintiff claims the defendant gave him seventy-three Tylenol pills—the defendant dispensed to the plaintiff (by order of Dr. Jeffrey Manlove) one 40-mg tablet of Panto (an anti-ulcer medication) and two 750-mg tablets of salsalate, an anti-inflammatory and pain relief medication (also by order of Dr. Jeffrey Manlove). Dkt. No. 49-1 at 8. The plaintiff received acetaminophen that day, as well—two 325-mg tablets at 1:03 p.m. from the defendant and two 325-mg tablets at 8:23 p.m. from Jacob Aaronson. Id. at 9. The defendant avers in her declaration that the pharmacy and medical administration records show that the only date in October 2018 on which she was involved in administering any medication to the plaintiff was October 12, 2018. Dkt. No. 48 at ¶11. Nothing in the attached pharmacy or medical administration records refutes that assertion. The defendant states that to her knowledge, she would not have given the plaintiff any more than his two, 325-mg tablets of Tylenol on October 12, 2018. Id. at ¶18.

The defendant also avers that the plaintiff's Tylenol prescription was designated "PRN/KPD which means PRN 'as needed' and KOP 'Keep On Person'"—which meant that the plaintiff could accumulate his pills every day and keep them in his cell. Id. at ¶¶15-16. She attached the pharmacy record, which shows that as of July 8, 2018, Dr. Jeffrey C. Manlove had ordered that the dispensing category for the plaintiff was "PRN-KOP." Dkt. No. 49.

"[T]he law allows verified complaints—containing not just allegations but sworn statements of fact—to serve as evidence for purposes of summary judgment." Jones v. Van Lanen, 27 F.4th 1280, 1286 (citing Ford v. Wilson, 90

4

F.3d 245, 246-47 (7th Cir. 1996)). So the court considers the allegations the plaintiff made in the complaint as evidence.

The plaintiff has asserted that his medication was required to be dispensed by doctors or nurses and that on or about October 12, 2018, the defendant gave him seventy-three Tylenol tablets without educating herself about his medical history of suicidal ideations and attempts. The evidence provided by the defendant does not support these allegations. The pharmacy record shows that Dr. Manlove ordered that the plaintiff was to receive the Tylenol as needed and that he could keep it "on his person"—in his cell. The Medical Administration Record shows that the defendant gave the plaintiff two 325-mg tablets of Tylenol on October 12, 2018 and that she did not give him medication on any other days. The plaintiff asserts that he overdosed on Tylenol that day and was taken to the hospital. The only evidence of this that the court has is the plaintiff's assertion, but even if it did happen, there is no evidence that the *defendant* gave the plaintiff enough pills to allow him to overdose. As the defendant speculates, the plaintiff could have been hoarding Tylenol in his cell for days.

Nor is this a "he said, she said" credibility question for a jury to decide. In Scott v. Harris, 500 U.S. 372, 380-81 (2007), the Supreme Court held that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." The plaintiff's version of events is blatantly contradicted

5

by the record and no reasonable jury could believe, based on the record before the court, that the defendant deliberately gave the defendant thirty-five times the prescribed amount of Tylenol.

The court **GRANTS** the defendant's motion for summary judgment. Dkt. No. 45.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P.6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 9th day of August, 2022.

BY THE COURT:

HON. PAMELA PEPPER
Chief United States District Judge